UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO.: 3:25-CR-23-CCB
)
DOUGLAS THRAMS )

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America submits the following memorandum in preparation for the sentencing hearing in this case.

### I.      The nature and circumstances of the offense.

In January 2025, Douglas Thrams posted a series of threatening videos to his TikTok account online. In one video, he encouraged people to take their "Second Amendment" rights, go to their "local government building", and "use" their "weapons" because "that's the only way forward". In a second video, Thrams tapped an airsoft rifle and encouraged people to "show up" and use their Second Amendment rights, and that there "is literally no way forward without violence". He also posted a video and said that "every government building needs to be bombed immediately", and he made threatening statements targeted at prominent political figures. After Thrams posted the videos, TikTok removed Thrams' account because of the content. Thrams then created a second TikTok account where he voiced his anger about his original TikTok account getting banned and ended the video by telling viewers to "shoot".

1

## II.     The defendant's history and characteristics.

Thrams has a few juvenile adjudications, which garner no points under the guidelines, and the instant case is his only adult conviction. He has previously had mental health struggles but advised that he does not have any present concerns as an adult. He reports having a complicated relationship with his parents and a supportive sister. He has lived his entire life in northern Indiana and enjoys playing video games.

## III.    The seriousness of the offense, just punishment, deterrence, and respect for the law.

Any violation of federal law is serious. In this case, Thrams violated federal law on more than one occasion by posting several videos to his TikTok account online. *See* 18 U.S.C. § 3553(a)(2)(A). There is also a need for deterrence, specifically for Thrams and generally for others, from engaging in this sort of criminality. Social media use is commonplace and used by millions of people throughout the world. It can serve productive purposes, but it can also be a vehicle to encourage violence. Thrams (and others) must be deterred from saying things that run the risk of encouraging another bad actor to actually carry out the threat. *See* 18 U.S.C. § 3553(a)(2)(B). Similarly,  public safety concerns are heightened when individuals say threatening things on platforms that reach large audiences because it could encourage others to respond with violence. *See* 18 U.S.C. § 3553(a)(2)(C).

**IV.    The government's sentencing recommendation.**

All in all, the guidelines account for the relevant § 3553(a) factors. As stated in the government's response to the defendant's motion for release from custody, DE 60, the government recommends that the defendant be sentenced to a term of imprisonment of 10 months, which he has already served. The government recommends a 2-year period of supervised release to follow.

Respectfully submitted,

M. SCOTT PROCTOR
ACTING UNITED STATES ATTORNEY

By:    *s/ Lydia T. Lucius*
LYDIA T. LUCIUS
Assistant United States Attorney
M01 Robert A. Grant Federal Bldg.
204 S. Main Street
South Bend, Indiana 46601
Tel:    (574) 236-8287
Fax:   (574) 236-8155
E-mail:  Lydia.Lucius@usdoj.gov